IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE STAND 'N SEAL, PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 1804 ALL CASES <br><br> 1:07 MD1804-TWT |

ORDER

This is an MDL proceeding in which about 200 personal injury lawsuits are consolidated for pretrial proceedings. It is before the Court on the Motion of Aerofil Technology, Inc., for Application of the Law of Georgia to the Claims of All Plaintiffs in <u>Bell v. Roanoke Companies Group, Inc.</u>, No. 1:07-CV-0687, <u>Dzbeic v. Roanoke Companies Group, Inc.</u>, No. 1:08-CV-0553, and <u>Osmanik v. Roanoke Companies Group, Inc.</u>, No. 1:08-CV-0554 [Doc. 1355]. These three cases involve multiple Plaintiffs from many states. The cases were originally filed in this district and are not subject to remand by the MDL panel. For the reasons set forth below, Aerofil's Motion is GRANTED.

I. Background

This MDL proceeding arises out of multiple lawsuits filed by users of Stand 'n Seal "Spray-On" Grout Sealer. Stand 'n Seal was a consumer product used to seal

ceramic tile grout in kitchens, bathrooms, and similar areas. The purported advantage of Stand 'n Seal was that users could easily stand and spray the sealant onto the grout without the strain of using a brush and manually applying the sealant. The Plaintiffs say that the problems with Stand 'n Seal began when the manufacturer changed its chemical components. Stand 'n Seal was originally manufactured with a fluoropolymer chemical known as Zonyl 225.[1] But from April to May 2005, and again in July 2005, the manufacturer of Stand 'n Seal switched from Zonyl to a different fluoropolymer chemical known as Flexipel S-22WS. The Plaintiffs say that users of Stand 'n Seal immediately began experiencing respiratory problems, such as chemical pneumonitis, from exposure to Stand 'n Seal. By August 31, 2005, Stand 'n Seal with Flexipel was recalled.

As a result of their injuries, consumers all over the country filed lawsuits asserting various claims against each of the companies involved in the manufacture, distribution, and sale of Stand 'n Seal with Flexipel. On January 5, 2007, the Judicial Panel on Multidistrict Litigation transferred the federal lawsuits to this Court for consolidated pretrial proceedings. There are, however, some lawsuits that were

---

[1] Fluoropolymers are known for exceptional chemical resistance and high-temperature stability. The most commonly known fluoropolymer is probably the DuPont brand Teflon. Teflon is used in hundreds of products, including coating of non-stick frying pans.

originally filed in, or removed from state court to, this Court. For these lawsuits, the Court has original jurisdiction and will retain jurisdiction even after the MDL proceedings are completed. Three of the original jurisdiction lawsuits are Bell, Dzebic, and Osmanik. The Defendant Aerofil Technologies, Inc. now moves for an order declaring that Georgia law applies to the Plaintiffs' claims against Aerofil in these lawsuits. Aerofil is a Missouri corporation that packaged Stand 'n Seal in aerosol spray cans.

## II. Legal Standard

The Court must apply the choice of law rules of Georgia. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941). For tort claims,[2] the rule in Georgia generally is lex loci delicti. Dowis v. Mud Slingers, Inc., 279 Ga. 808, 816 (2005). Lex loci delicti applies the substantive law of the place where the wrong occurred. International Bus. Machs. Corp. v. Kemp, 244 Ga. App. 638, 640 (2000). This is "where the last event occurred necessary to make an actor liable for the alleged tort."

---

[2]For choice of law analysis, the definition of "tort claims" is flexible. It obviously includes negligence, but also strict products liability, breach of warranty, and punitive damages. See Center Chem. Co. v. Parzini, 234 Ga. 868, 868 (1975) (strict products liability); Morgan v. Mar-Bel, Inc., 614 F. Supp. 438, 442 (N.D. Ga. 1985) (breach of warranty); Southern Ry. Co. v. Decker, 5 Ga. App. 21, 28-29 (1908) (punitive damages).

T:\ORDERS\07\Stand n Seal - MDL Cases\mtapplygalawtwt.wpd   3

Case 2:10-cv-00342-JPS   Filed 09/15/09   Page 3 of 9   Document 298

Id. The last event necessary to make an actor liable for a tort is usually an injury. See Mullins v. M.G.D. Graphics Sys. Group, 867 F. Supp. 1578, 1580 (N.D. Ga. 1994).

Although the rule in Georgia is lex loci delicti, there are exceptions if the lex loci delicti is foreign law. One exception is the application of common law. Foreign law does not apply if "no foreign statutes are 'involved.'" In re Tri-State Crematory Litig., 215 F.R.D. 660, 677 (N.D. Ga. 2003); see Kirkpatrick v. J.C. Bradford & Co., 827 F.2d 718, 725 n.6 (11th Cir. 1987); Leavell v. Bank of Commerce, 169 Ga. App. 626, 627 (1984). If the parties do not identify any foreign statutes in their pleadings, it is presumed that no foreign statutes are involved. In re Tri-State Crematory Litig., 215 F.R.D. at 678 n.6; Avnet, Inc. v. Wyle Labs., 263 Ga. 615, 621 (1993). Thus, the lex fori applies to common law torts. Another exception is public policy. Foreign law does not apply if it would be "contrary to the policy or prejudicial to the interests of [the State of Georgia]." O.C.G.A. § 1-3-9; see Alexander v. General Motors Corp., 267 Ga. 339, 341 (1996).

### III. Discussion

There are forty-one Plaintiffs in Bell, Dzebic, and Osmanik. Plaintiff Kenneth Wallis is the only Plaintiff from Georgia. Because Wallis suffered injuries in Georgia, the lex loci delicti is Georgia law. Applying Georgia law to Wallis's claims against Aerofil is also consistent with the Due Process and the Full Faith and Credit Clauses.

Because Wallis suffered injuries in Georgia, Georgia has significant contacts to Wallis's claims against Aerofil. The place of injury has a strong "interest in striking a reasonable balance among safety, cost, and other factors pertinent to the design and administration of a system of tort law." Spinozzi v. ITT Sheraton Corp., 174 F.3d 842, 845 (7th Cir. 1999). Therefore, Georgia law applies to Wallis's claims against Aerofil.

The foreign common law Plaintiffs purchased Stand 'n Seal and suffered injuries in some place other than Georgia. They consist of citizens from Alabama, California, District of Columbia, Maryland, Michigan, Minnesota, New Hampshire, North Carolina, Pennsylvania, South Carolina, Virginia, Wisconsin, and Wyoming. (Bell Compl. ¶¶ 1.1-1.44.) They assert claims for strict products liability, breach of warranty, negligence, and punitive damages against Aerofil. The parties have not identified any foreign statutes that apply to these claims. Plaintiffs Cardell Albritton, Michael Bell, Sirena Bernal, Kurt Bostrum, Linda Buschiazzo, James Coles, Robert Dwyer, Hilmija Dzebic, Vickie Fetter, Larrie Finnigan, Scott Fleming, Wesley Flesner, Bill Holland, Richard Keene, Andrew Lamer, Janet Massie, Sean McDermott, Rosemary Mitchell, Kelly Mork, Shawn Mork, Fikreta Osmanik, Amy Paddock, Mathew Polhemus, Erin Porter, Jessica Rodell, Christina Schertz, Katherine Schmidt-

Miller, William Stephenson, Peter Stojadinovic, John Tracey, and Wanda Wells are in the foreign common law Plaintiffs category.

The choice of law rules point to Georgia law for all of the foreign common law Plaintiffs' claims against Aerofil. Because they suffered injuries in some place other than Georgia, the lex loci delicti is foreign law. Foreign law, however, does not apply if no foreign statutes are involved. Because the parties have not identified any foreign statutes for the foreign common law Plaintiffs' claims against Aerofil, it is presumed that no foreign statutes are involved. Therefore, the lex fori applies.

The foreign statute Plaintiffs purchased Stand n' Seal and suffered injuries in some place other than Georgia. They consist of citizens from Indiana, Louisiana, Missouri, New Jersey, Ohio, Oregon, Utah, and Washington. (Bell Compl. ¶¶ 1.1-1.44.) They assert claims for strict products liability, breach of warranty, negligence, and punitive damages against Aerofil. The parties have identified foreign statutes that apply to the strict products liability claims, but not the other claims. (Mot. of Aerofil Technology, Inc., for Application of the Law of Georgia to the Claims of All Plaintiffs in Bell, Dzebic, and Osmanik, App. A.) Plaintiffs Michelle Bennett, David Bubnis, Walter Friedel, Craig Housekeeper, Jodi Leatham, Dianna Livingston, Troy Marshall, Mike Meister, Dennis Miesner, Christine Newman, Brett Rohrbach, Steve Scruggs, and Gerald Valenti are in the foreign statute Plaintiffs category.

The choice of law rules point to foreign law for the Foreign Statute Plaintiffs' strict products liability claims against Aerofil. Because they suffered injuries in some place other than Georgia, the lex loci delicti is foreign law. Even if foreign statutes are involved, however, they do not apply if it would be contrary to the public policy of Georgia. Georgia law provides by statute that strict products liability claims are available only against manufacturers. O.C.G.A § 51-1-11.1. Manufacturers are "those actively involved in the design, specifications, or formulation of a [product]." See Davenport v. Cummins Alabama, Inc., 284 Ga. App. 666, 671 (2007). The Georgia General Assembly enacted section 51-1-11.1 to "overrule those cases that had created a broad category of entities that had no real role in the creation of those products." Alltrade, Inc. v. McDonald, 213 Ga. App. 758, 760 (1994) (internal quotation marks omitted). Aerofil says that section 51-1-11.1 expresses the public policy of Georgia and applying these foreign statutes would be contrary to this public policy because it would allow for strict products liability claims against non-manufacturers. But Georgia has no public policy interest in claims by foreign plaintiffs against a foreign defendant involving a product purchased and used in a place other than Georgia. Cf. Commercial Credit Plan v. Parker, 152 Ga. App. 409, 412 (1979) ("[T]he public policy of the state is generally limited to enforcement of contracts to be performed in this state, and does not extend to the enforcement of valid

contracts made in other states . . . .") To the extent that section 51-1-11.1 expresses the public policy of Georgia, it is a public policy that is limited to claims involving "defective products placed in the stream of commerce in this state." Alexander, 267 Ga. at 341 (emphasis added); see Alexander v. General Motors Corp., 219 Ga. App. 660, 667 (1995) (McMurray, J., dissenting).

This does not end the inquiry. Foreign law does not apply if no foreign statutes are involved. Because the parties have not identified foreign statutes for the foreign statute Plaintiffs' breach of warranty, negligence, and punitive damages claims against Aerofil, it is presumed that no foreign statutes are involved. The Georgia courts adhere to the rule of lex loci delicti because of its relative certainty, predictability, and ease of application. Dowis v. Mud Slingers, Inc., 279 Ga. 808, 816 (2005). In the context of mass tort cases involving multiple out of state Plaintiffs, mechanical application of the rule is anything but certain, predictable and easy. The Court is firmly convinced that in a case such as this, the courts of Georgia would make an exception to the rule of lex loci delicti and would apply the law of the forum. The Plaintiffs in theses cases chose to file the cases here. They will be tried here. Applying foreign law to individual claims would require individual trials for each Plaintiff. This would result in an enormous waste of judicial resources and create a danger of inconsistent verdicts in similar cases depending upon the fortuity of whether a foreign statute applies to a

particular claim. Therefore, the Court will apply Georgia law to all claims in all cases originally filed in this district.

IV.  Conclusion

For the reasons set forth above, the Motion of Aerofil Technology, Inc., for Application of the Law of Georgia to the Claims of All Plaintiffs in Bell, Dzebic, and Osmanik [Doc. 1355] is GRANTED.

SO ORDERED, this 15 day of September, 2009.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge